## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SCHARLACH<br>129 Paradise Drive<br>Voorhees, NJ 08043 | : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No. |
| v. | : <br> : | |
| LIQUIDHUB, INC.<br>500 E. Swedesford Road<br>Suite 300, Wayne, PA 19087<br>and<br>SUBARU OF AMERICA, INC.<br>2235 Marlton Pike W.<br>Cherry Hill, NJ 08002 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendants. | : <br> : | |

## CIVIL ACTION COMPLAINT

Michael Scharlach, (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      This action has been initiated by Plaintiff against Defendants for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et seq.*), Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et seq.*), the New Jersey Law Against Discrimination ("NJ LAD"), and the New Jersey Family Leave Act ("NJ FLA").  Plaintiff asserts, *inter alia*, that he was unlawfully terminated by Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

1

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of the ADA.

3.     This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district, in addition, venue is properly laid in this district because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the District of New Jersey for this action.

5.     Plaintiff is proceeding herein under the ADA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a Notice of Right to Sue letter from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual, with an address as set forth in the caption.

8.     Defendant Liquidhub, Inc. (*hereinafter* "Liquidhub") is an Information Technology company that provides consulting services for clients in several states (including New Jersey), with an address as set forth in the above-caption.

9.     Defendant Subaru of America, Inc. (*hereinafter* "Subaru") is a U.S.-based distributor of Subaru brand vehicles, incorporated in the state of New Jersey, with an address as set forth in the above-caption.

10.     Plaintiff was placed by Defendant Liquidhub to work within Defendant Subaru's Cherry Hill, NJ location, and although Plaintiff was hired and paid through Defendant Liquidhub, Plaintiff was treated in all functional respects like an employee while working within Defendant Subaru. Defendants' management had the ability to manage Plaintiff, discipline Plaintiff, give directive to Plaintiff, and make decisions regarding Plaintiff's employment. Plaintiff was permitted to address his work concerns with Defendants' management and was obligated to follow the policies of Defendants. Thus, for the foregoing reasons, Defendants may be treated as a single and/or joint employer for purposes of the instant action.

11.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     In or about 2011, Plaintiff began working for Defendant Liquidhub.

14.     In or about 2013, Plaintiff was placed by Defendant Liquidhub to work at Defendant Subaru's Cherry Hill, NJ location.

15.     At the time of Plaintiff's termination from Defendants (discussed *supra*), Plaintiff was employed as a Solutions Architect.

16.     Plaintiff's wife, Maryellen Scharlach, has and continues to suffer from serious health conditions, including but not limited to brain cancer and complications stemming from cancer treatment.

17.     During Plaintiff's employment with Defendants, Plaintiff needed to take intermittent time off from work to care for his wife because of her health conditions (described *supra*) and at all times relevant herein, Defendants were aware of Plaintiff's wife's health conditions.

18.     In or about September of 2015, Plaintiff injured his leg and it eventually became infected; Plaintiff was later diagnosed with Cushing's disease: a rare disease that can cause a number of serious health complications, including infection.

19.     In or about September and October of 2015, Plaintiff needed to take off an increased amount of time off due to a combination of needing to care for his wife's and his own aforesaid health conditions. Defendants were apprised of both health issues requiring Plaintiff to take increased time off.

20.     For example, in or about September of 2015, Plaintiff's wife underwent brain surgery and he had to miss time from work.

21.     By way of further example, Plaintiff also took a medical leave of absence in or about October of 2015 because his aforementioned health conditions and leg infection (which required a hospital stay).

22.     Per the contract terms of Defendants, an employee at Subaru was required to take a ninety (90) day leave for every thirty (30) months of working.

23.     In or about early November of 2015, while Plaintiff was at home treating his aforesaid health conditions (Plaintiff's infection required IV antibiotics administered at home and his leg took an extended time to fully heal due to his Cushing's disease), Defendants told Plaintiff to take his 90-day required leave early[1] and that they would see him in February (back at Defendant Subaru).

24.     In or about December of 2015, Defendants management (Steve Daly, an upper-level manager who worked at both Defendant Liquidhub and Defendant Subaru) told Plaintiff he would not be returning to Defendant Subaru (without providing any logical explanation), despite previously providing him with assurance that he would be able to return to Defendant Subaru after his medical and simultaneous required leave, as other employees of Defendants had done.[2]

25.     After Plaintiff learned that he was no longer returning to Defendant Subaru (discussed *supra*), Defendant Liquidhub informed Plaintiff they would assist him with finding another position/placement; however, upon information and belief, Defendant Liquidhub made no real effort to find Plaintiff another position.

26.     On or about January 20th, 2016, approximately one month after Defendants told Plaintiff he could not return to Defendant Subaru, Defendant Liquidhub terminated Plaintiff's employment.

27.     Despite being aware of his and his wife's serious health conditions (both of which required time off from work), Defendants did not properly inform Plaintiff of his individualized

---

[1] Plaintiff was in his approximately 28th or 29th month of employment with Subaru.

[2] At least two other employees of Defendants had similarly taken the required 90-day leave and then returned to working at Subaru.

FMLA or NJ FLA rights; thus, Defendants failed to follow proper notice, designation, and informational regulations of the FMLA and the NJ FLA.

28.     Plaintiff therefore believes and avers that he was terminated (by Defendant Subaru and later Defendant Liquidhub) due to his association with his wife's disabilities, Plaintiff's own known and/or perceived disabilities, and/or in retaliation for requesting reasonable accommodations.

29.     Plaintiff further believes and therefore avers that his leave rights under the FMLA and NJ FLA were violated.

### Count I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)
-Against All Defendants-

30.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31.     Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities including, but not limited to, walking, performing manual tasks, and working.

32.     Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants.

33.     Plaintiff requested reasonable accommodations from Defendants, including but not limited to intermittent time off from work to care for his health conditions.

34.     Plaintiff was terminated from Defendants shortly after taking increased time off due to a flare-up in his aforesaid health conditions (despite having worked for Defendant Liquidhub for over four years and Defendant Subaru for over two years).

35.     Therefore, Plaintiff believes and avers that he was terminated from Defendants because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) in retaliation for his requested accommodations; and/or (4) Defendants failed to properly accommodate Plaintiff.

36.     These actions as aforesaid constitute violations of the ADA, as amended.

## Count II
## Violations of the Americans with Disabilities Act, as Amended ("ADA")
### (Associational Disability Discrimination)
### -Against All Defendants-

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Plaintiff's wife suffered from qualifying health conditions under the ADA, including but not limited to brain cancer and complications stemming from cancer treatment.

39.     Defendants knew of Plaintiff's wife's disability at the time they terminated Plaintiff.

40.     Plaintiff was terminated by Defendants shortly after he took time off from work to care for his wife during/following brain surgery, which was known to Defendants

41.     Upon information and belief, Plaintiff believes and avers that he was terminated by Defendants for: (a) being perceived as distracted for dealing with his wife's health problems in and outside of work; (b) being perceived as having to miss time at work to care for his wife; and (d) for other reasons in association with his wife's health problems.

42.     These actions as aforesaid constitute violations of the ADA, as amended.

7

**Count III**
**Violations of the Family and Medical Leave Act ("FMLA")**
(Retaliation & Interference)
-Against Both Defendants-

43.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

45.    Plaintiff requested leave for medical reasons (his own and his wife's) from Defendants, his employers, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

46.    Plaintiff had at least 1,250 hours of service with Defendants during his last full year of employment.

47.    Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

48.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

49.    Defendants committed interference and retaliation violations of the FMLA by: (1) failing to properly inform Plaintiff of his FMLA leave rights, despite Plaintiff requesting time off for both his own and his spouse's major health conditions (both of which required hospital stays); (2) terminating Plaintiff while he was on FMLA-protected leave (by telling Plaintiff to take a contractually required leave earlier than scheduled because he needed time off for his health conditions and then terminating Plaintiff's employment while on that required leave); (3) terminating Plaintiff for requesting and/or utilizing FMLA-qualifying leave.

50.     These actions as aforesaid constitute violations of the FMLA.

## Count IV
### Violation of the New Jersey Law Against Discrimination (NJ LAD)
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)
-Against Both Defendants-

51.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.     Plaintiff reasserts each and every allegation from Count I, as such actions in this case constitute identical violations of the NJ LAD.

53.     Therefore Plaintiff believes and avers he was terminated from Defendants in violation of the NJ LAD because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) in retaliation for his requested accommodations; and/or (4) Defendants failed to properly accommodate Plaintiff.

## Count V
### Violation of the New Jersey Law Against Discrimination (NJ LAD)
([1] Associational Disability Discrimination)
-Against Both Defendants-

54.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55.     Plaintiff reasserts each and every allegation from Count II, as such actions in this case constitute identical violations of the NJ LAD.

56.     Therefore Plaintiff believes and avers he was terminated from Defendants in violation of the NJ LAD because of his association with his wife's known disability.

**Count VI**
**Violations of the New Jersey Family Leave Act (NJ FLA)**
**(Retaliation & Interference)**
**-Against Both Defendants-**

57.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.     Plaintiff reasserts each and every allegation from Count III, as such actions in this case constitute violations of the NJ FLA. N.J.S.A. § 34:11B-1, *et seq*.

59.     Defendants committed interference and retaliation violations of the NJ FLA by: (1) failing to properly inform Plaintiff of his NJ FLA leave rights, despite Plaintiff requesting time off for his spouse's major health conditions (which required hospital stays); and (2) terminating Plaintiff for requesting and or utilizing NJ FLA-qualifying leave.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.     Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 18, 2016